UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN DAMON BARTH,

Plaintiff,

v.

A. TURNER, et al.

Defendants.

No. 2:19-cv-1012-EFB P

ORDER

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has also filed two applications to proceed in forma pauperis (ECF Nos. 11 & 12).

Application to Proceed In Forma Pauperis

The court has reviewed the first of plaintiff's applications and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. The second application is denied as moot.

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff's complaint contains at least two claims against multiple defendants that are insufficiently related.

First, he alleges that, beginning in February of 2019, "all defendants" intercepted his outgoing legal mail. ECF No. 1 at 3, 13. More specifically, he claims that:

> (1) Defendant Turner removed certain exhibits from his legal complaints and stated that they could not be copied due to "department operating [manuals]." *Id.* at 13;
>
> (2) Defendant Tomson intercepted mail related to a case filed in federal court and caused the case to be dismissed. *Id.*;

2

(3) Defendant Hurley took three unidentified pieces of outgoing legal mail addressed to a Ramona Davis. *Id.* at 14;

(4) Log records compiled by defendant Phess lacked three pieces of outgoing mail to Ramona Davis. *Id.*

Second, plaintiff claims that defendant Turner consistently denied him access to the prison law library. *Id.* at 3, 14. Specifically, he claims that Tuner declined to provide him with four hours of library time per week and often "docketed" for library access without being called to the library. *Id.*

Plaintiff also alludes to several other, less developed claims. He alleges that, on March 18, 2019, he was assaulted by a correctional officer named Romey. *Id.* at 5. Then, on March 21, 2019, plaintiff was allegedly assaulted by Nappen, another correctional officer. *Id.* Plaintiff appears to allege that these assaults were retaliatory, but he offers little factual context as to either the nature of the assaults or how he knows that they were retaliatory. Plaintiff also separately alleges that various "Doe" defendants "failed to properly [assess] and make housing classifications [for him] and caus[ed] mental anguish [and] physical harm . . . ." *Id.* at 11. He does not expound on this claim.

Plaintiff is advised that he may not bring multiple, unrelated claims against more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Even considering only his two 'primary' claims, the question of whether defendant Turner improperly excluded plaintiff from the library is factually unrelated to the question of whether all of the defendants interfered with plaintiff's legal mail. *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one action only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences . . . ."). Plaintiff will be given leave to amend to address this deficiency.

III. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

3

rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 11) is GRANTED;

/////

/////

4

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's application to proceed in forma pauperis (ECF No. 12) is DENIED as MOOT;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE