UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. TURNER, *et al.*,<br><br>　　　　Defendants. | Case No. 2:19-cv-1012-JDP (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Shawn Barth is a state prisoner proceeding without counsel in this action. On April 6, 2020, plaintiff's complaint was dismissed pursuant to 28 U.S.C. § 1915A(a), and plaintiff was granted thirty days to file an amended complaint. *See* ECF No. 9. Plaintiff was subsequently granted two extensions of time to file an amended complaint, the most recent of which moved the deadline for filing an amended complaint to October 23, 2020. *See* ECF Nos. 18, 22. To date, plaintiff has not filed an amended complaint.

　　　To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. When a plaintiff fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the

court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given an opportunity to explain why the court should not dismiss his case for failure to prosecute and failure to state a claim. Plaintiff's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, plaintiff must show cause within thirty days of the date of entry of this order why the court should not dismiss his case for failure to state a claim and failure to prosecute. Should plaintiff wish to continue with this lawsuit, plaintiff should also file a first amended complaint.

IT IS SO ORDERED.

Dated:   November 12, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE